## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

JOHN L. KAVO, #11514-040,

      Petitioner,

v.                            Case No. WD-03-CR-00016
                                       08-CV-90

UNITED STATES OF AMERICA,

      Respondent.

_____/

### OPINION AND ORDER DENYING PETITIONER'S MOTION
### TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND
### DENYING A CERTIFICATE OF APPEALABILITY

Pending before the court is a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed April 4, 2008 by Petitioner John L. Kavo. Now incarcerated in Devens Federal Medical Center in Massachusetts, Plaintiff pleaded guilty to aggravated sexual abuse by force under 18 U.S.C. § 2241. For the reasons stated below, the court will deny Petitioner's motion and will additionally deny a certificate of appealability and leave to proceed *in forma pauperis*.

### I. BACKGROUND

On August 21, 2003, Petitioner pleaded guilty to aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1) based on a confession Petitioner made April 24, 2003. (Plea ¶ 1.) Petitioner also signed a Plea Agreement, which included waivers of any Fourth Amendment, Fifth Amendment, or 28 U.S.C. § 2255 challenges to his sentence. (Plea ¶¶ 9-10.) Petitioner alleges that law enforcement coerced his

confession such that it was made involuntarily and in violation of his *Miranda* rights.[1] (Petr.'s Br. at 6.)

In accord with the federal sentencing guidelines, Judge David W. McKeague sentenced Petitioner to 121 months imprisonment and three years supervised release. Following an appeal and remand, Judge Robert H. Cleland[2] resentenced Petitioner to 121 months imprisonment and five years supervised release in accord with the federal sentencing guidelines and the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). The Sixth Circuit subsequently affirmed Petitioner's appeal of his resentence.[3]

On April 4, 2008, Petitioner filed this motion under 28 U.S.C. § 2255, alleging unconstitutional imprisonment in a federal prison. Petitioner primarily claims ineffective assistance of counsel prior to his guilty plea, at resentencing, and upon appeal. (Petr.'s Mot. at 1-2, 10.) Petitioner also alleges that law enforcement coerced a confession from him in violation of his *Miranda* rights and the due process clause of the Fifth Amendment. (Petr.'s Mot. at 1-2, 7.) To support his allegation, Petitioner has included

---

[1] Specifically, Petitioner alleges that his confession was involuntary because it was made under the influence of marijuana. (Petr.'s Br. at 2.) Petitioner also alleges a violation of his *Miranda* rights. He maintains that he requested counsel by saying, "I should talk to someone before I answer any more questions" when questioned by law enforcement and that the law enforcement officer responded, "[L]awyers? [W]e don't need lawyers here." (Petr.'s Br. at 2, 6.)

[2] For administrative purposes, the Western District of Michigan Chief Judge Robert H. Bell ordered the case reassigned to Judge Robert H. Cleland of the Eastern District of Michigan for further proceedings. (09/08/2005 Order.)

[3] Petitioner's counsel withdrew immediately preceding oral argument in the second appeal. Petitioner was not appointed new counsel because to do so was found moot when the Sixth Circuit canceled oral argument for the case. (Petr.'s Mot. at 4-5.)

2

letters from a law enforcement officer, recounting the officer's recollection of the alleged interrogation.  (Petr.'s Mot. Attachs. A, B.)  Respondent maintains that Petitioner waived his right to make such claims when he entered a guilty plea, and that, in addition, Petitioner suffered no violation of his constitutional rights.

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  DISCUSSION

Respondent maintains that Petitioner cannot bring a § 2255 motion because he waived the right to do so in his Plea Agreement.  (Plea ¶ 10.)  Petitioner does not address this issue, although he implies that his counsel was ineffective because he did not adequately investigate the circumstances of Petitioner's confession prior to advising Petitioner to accept the guilty plea.  For the reasons below, the court finds that Petitioner's waiver is valid, that it was not based on ineffective assistance of counsel, and that it bars Petitioner's § 2255 motion.

3

In his Plea Agreement, Petitioner waived "the right to challenge his sentence and the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255."  (Plea ¶ 10.)  He also specifically waived, "any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been or could be filed."  (Plea ¶ 9.)  The Sixth Circuit has held that a defendant's "informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable."  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)); *see also United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).  Petitioner does not allege that his guilty plea included a waiver that was not "informed and voluntary." Furthermore, the trial and magistrate courts complied with Federal Rule of Criminal Procedure 11 to determine that Petitioner made an "informed and voluntary waiver" of his rights. *See* Fed. R. Crim.  P. 11(b)(1)(N) ("[T]he court must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."); *In re Acosta*, 480 F.3d at 422.  At Petitioner's plea hearing, the magistrate judge informed Petitioner of his right to have the plea hearing before an Article III judge (Plea Hr'g Tr. 3, Aug. 21, 2003), the elements of the crime to which Petitioner pleaded guilty (Plea Hr'g Tr. 4-5, Aug. 21, 2003), the right to a jury trial and all the rights which that encompasses (Plea Hr'g Tr. 7-8, Aug. 21, 2003), and that Petitioner would be waiving his right to collaterally attack his Plea Agreement (Plea Hr'g Tr. 10, Aug. 21, 2003).  The magistrate judge concluded:

4

> I find that the plea is made knowingly and with full understanding of the rights that I've explained to the defendant.  I find that it is made voluntarily and free from any force, threats, or promises apart from the plea agreement.  I f find that the defendant understands the nature of the charge, the penalties provided by law, and I find that the plea has a sufficient factual basis.

(Plea Hr'g Tr. 14, Aug. 21, 2003.)  In accepting Petitioner's guilty plea, the trial court also stated:

> The Court has reviewed the transcript of the plea proceeding, together with the report and recommendation, no objection to the report has been filed.  The Court finds that the defendant is fully capable and competent to enter an informed plea; his plea is made knowingly, with full understanding of each of the rights waived by him; it is made voluntarily and free from any force, threats or promises, apart from any promises in the written plea agreement between the defendant and the government; the defendant understands the nature of the charge and the penalties provided by law; and the plea has a sufficient basis in fact.

(Sent. Tr. 3, Jan. 26, 2004.)  The court also specifically instructed Petitioner of his right to appeal those issues *not* waived in his Plea Agreement: "if you believe that your guilty plea was somehow unlawful or involuntary, or if there's some other fundamental defect in the proceedings that was not waived by your guilty plea."  (Sent. Tr. 21-22, Jan. 26, 2004.)  As a result of these findings, the trial court determined that Petitioner made an "informed and voluntary waiver of the right to collaterally attack" his guilty plea.  *In re Acosta*, 480 F.3d at 422 (citing *Watson*, 165 F.3d at 489).

Even if Petitioner alleged that his waiver was valid, the "voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."  *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) ("[C]ollateral challenges may not do service for appeal.").  Petitioner has not challenged his guilty plea's validity prior to

this petition; his prior appeals objected only to the length of his sentence.[4]  (Def.'s Mot. at 4.)  In addition, the Supreme Court has specifically stated that there is an important interest in the finality of guilty pleas because "'[e]very inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice.'" *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

While courts will generally hold a defendant to his waiver, a waiver is nonetheless not valid where a "defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel.  *In re Acost*a, 480 F.3d at 422.  In the instant case, Petitioner has not alleged that he pleaded guilty unknowingly or involuntarily, or that the guilty plea was the "product of ineffective assistance of counsel."  *See id.*  The court notes that Petitioner stated in his motion that his attorney did not "investigate / question & pursue all possibilitys [sic] of evidence. (Prior to advising Petitioner to plead guilty)."  (Petr.'s Mot. at 1-2.)  He supports this with two letters he received from Captain Kurt Perron of the Bay Mills Indian Community Tribal Police, who was present for portions of Petitioner's alleged interrogation.  (Petr.'s Mot. Attachs. A, B.)  Petitioner contends that Captain Perron's willingness to sign an affidavit

---

[4] However, "a petitioner could maintain his habeas claims but only if he could first demonstrate either: (1) that cause and actual prejudice existed to excuse his failure to raise the issue on direct appeal; or (2) if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent." *Hampton*, 191 F.3d at 698-99.  Petitioner has not "demonstrated," or even alleged, either of these exceptions to the rule forbidding raising an argument regarding the validity of a guilty plea for the first time upon collateral review.

that Captain Perron thinks he remembers Petitioner "asking about a lawyer" (Petr.'s

Mot. Attach. A.) constitutes new evidence the court should examine.  Petitioner also

implies that the letters from Captain Perron demonstrate his counsel was ineffective for

not investigating this issue.  (Petr.'s Mot. at 1-2.)  Petitioner does not assert that this

claim attacks the validity of his guilty plea or waiver; however, even if he did so allege,

the Sixth Circuit has held that the *Strickland* test governs ineffective assistance of

counsel claims regarding the plea process.  *Magana v. Hofbauer,* 263 F.3d 542 (6th Cir.

2001).

    As a general rule, to establish ineffective assistance of counsel under the Sixth

Amendment, a criminal defendant must show (1) that his counsel's performance was

deficient such that "counsel made errors so serious that counsel was not functioning as

the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) that counsel's

deficient performance prejudiced the criminal defendant by "showing that counsel's

errors were so serious as to deprive the defendant of a fair trial."  *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Hall,* 200 F.3d 962,

965 (6th Cir. 2000) ("To analyze ineffective assistance of counsel claims, this Circuit

applies the two-pronged standard in *Strickland v. Washington.*").  The *Strickland* court

stated in particular regarding counsel's duty to investigate that:

> counsel has a duty to make reasonable investigations or to make a
> reasonable decision that makes particular investigations unnecessary.  In
> any ineffectiveness case, a particular decision not to investigate must be
> directly assessed for reasonableness in all the circumstances, applying a
> heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 691.

    To the extent Petitioner does allege ineffective assistance of counsel for

Petitioner's counsel's failure to investigate the alleged interrogation further, Petitioner has offered no evidence to show that his counsel's performance was deficient and thus cannot satisfy the first prong of the *Strickland* test.  Counsel could have reasonably concluded from the facts that no involuntariness or *Miranda* violations existed and that recommending a plea to Petitioner constituted Petitioner's best option.  Even given Petitioner's own description of events, Petitioner was not likely in a custodial interrogation.  The alleged interrogation took place in Petitioner's own home, he invited the law enforcement officers into his home, and Captain Perron even left when Petitioner asked him to do so.  (Petr.'s Mot. at 6.)  The Fifth Amendment right to counsel only applies during "custodial interrogations," and because law enforcement officers did not subject Petitioner to a "custodial interrogation," his Fifth Amendment rights were not violated.  *See Oregon v.* Mathiason, 429 U.S. 492, 494-95 (1977) (finding no custodial interrogation where defendant voluntarily came to police station and was informed we was not under arrest); *Miranda v. Arizona*, 384 U.S. 436, 470-71, 494 (1966) ("'By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'").  Consequently, it would have been unnecessary for Petitioner's counsel to obtain Captain Perron's testimony regarding an alleged reference to an attorney request because law enforcement never subjected Petitioner to a custodial interrogation.

Even if Petitioner could meet the first prong of the *Strickland* test, he cannot meet the second, which requires that Petitioner show that "there was a reasonable probability that, but for his counsel's alleged errors, he would not have pled guilty and would have

8

insisted on going to trial." *Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996).

Petitioner has presented no evidence that counsel's performance deprived him of a fair

trial.  Nowhere has Petitioner alleged that he would not have pleaded guilty if

Petitioner's counsel had discovered Captain Perron's testimony earlier.  Indeed, it

seems pleading guilty benefitted Petitioner by sentencing him only for the first count of

the indictment and not subjecting him to the possibility of a conviction for the other count

charged.  (Sent. Tr. 3, Jan. 26, 2004.)  In addition, the final decision of pleading guilty is

the Petitioner's alone, not his counsel's.  *Smith v. United States*, 348 F.3d 545, 552 (6th

Cir. 2003) ("The decision to plead guilty – first, last, and always – rests with the

defendant, not his lawyer.").  The court does not find that Petitioner suffered from

ineffective assistance of counsel[5] and therefore finds that Petitioner validly waived his

right to bring a § 2255 claim.  Petitioner's Plea Agreement bars his § 2255 claim, and

the court will consequently deny Petitioner's motion.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal

the denial of a habeas petition for relief from either a state or federal conviction.  28

U.S.C. §§ 2253(c)(1)(A), (B).  A district court, in its discretion, may decide whether to

---

[5]  The court notes that Petitioner also argues that he received ineffective assistance regarding his resentencing and appeal, when Petitioner's attorney did not "argue the 5 year supervised release issue or challenge it on appeal."  (Petr.'s Mot. at 2.)  The court is not persuaded that Petitioner has proven by a preponderance of the evidence that his counsel was deficient under *Strickland*.  In particular, Petitioner's counsel did argue on resentencing, "We would submit that a reasonable and sufficient sentences in this case would be less than the [previous] sentence."  (Sent. Tr. 4, Jan. 5, 2006.)  Finally, even if Petition could establish deficient performance by counsel, he still cannot prove prejudice under *Strickland*.  And, in any event, Petitioner's waiver of his right to bring a § 2255 bars this claim.

issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997).  In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA.  *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, the court concludes that reasonable jurists would not debate the court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted.  Therefore, the court will deny a certificate of appealability.

## V.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's motion to vacate, set aside, or correct sentence [Dkt. # 49] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

10

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 29, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 29, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522